## JEFFCO MANUFACTURING COMPANY, Appellant,

v.

## NATIONAL LABOR RELATIONS BOARD, Appellee.

No. 74–1851.

United States Court of Appeals, Fourth Circuit.

Argued March 4, 1975.

Decided April 2, 1975.

Edwin O. Norris and James W. Bradford, Jr., Kingsport, Tenn. (Hunter, Smith, Davis, Norris & Treadway, Kingsport, Tenn., on brief), for petitioner.

Jay E. Shanklin, Washington, D. C. (Michael S. Wolly, Washington, D. C., on brief), for respondent.

Before BUTZNER and FIELD, Circuit Judges, and HALL, District Judge.

K. K. HALL, District Judge:

The decision and order of appellee, National Labor Relations Board, affirmed the rulings, findings and conclusions of the Administrative Law Judge, including his conclusion of law that appellant, Jeffco Manufacturing Company, "by withholding merit increases from its employees during the pendency of the Union's representation petition, has engaged in unfair labor practices affecting commerce within the meaning of Section 8(a)(1) and Section 2(6) and (7) of the Act." On this review Jeffco petitions for denial of enforcement of the Board's decision and order and the Board petitions by cross-application for enforcement of the order.

Late in 1972 Jeffco instituted a plan for discretionary merit wage increases for its employees. Some months later union negotiations for recognition and representation prompted the union to suggest to Jeffco in writing that "pending the outcome of these proceedings that you make no changes in personnel, wages or working conditions." Jeffco notified its employees that "no merit increases are to be granted" until after the representation election and that the

"Company cannot make any discretionary changes in wages or benefits during this period." Employee merit reviews were continued but merit wage increases were discontinued during the period. The Board confirmed the findings that Jeffco acted in good faith but was legally wrong. In his decision the Administrative Law Judge observes: "Whether a raise was granted, and its precise amount, varied, and was in that sense discretionary, but the standards were carefully set forth, and supervisors were given lengthy rating sheets for the various classifications."

The statute provides that it shall be an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of their rights guaranteed" under the law relating to employee organization and collective bargaining. Section 8(a)(1), Labor Management Relations Act of 1947, as amended. 29 U.S.C., § 158(a)(1). The language of the law is not clear and certain. The union had suggested to Jeffco in writing that during the negotiation and election period no changes be made "in personnel, wages or working conditions." Jeffco had advised its employees that it could not "make any discretionary changes in wages or benefits during this period." The granting of merit wage increases during the period would have resulted inevitably in charges of unfair labor practices. National Labor Relations Board v. Katz, 369 U.S. 736, 82 S.Ct. 1107, 8 L.Ed.2d 230 (1962). The employer is placed in a dilemma. National Labor Relations Board v. Dorn's Transportation Company, 405 F.2d 706, 715 (2d Cir. 1969). We find no bases in the record supporting the determinative issue of law as stated by the Administrative Law Judge and affirmed by the Board. No employer action or conduct is found interfering with, restraining or coercing employees in a manner constituting unfair labor practices as defined in the law. The path of the law needs to be marked and charted to the end that labor and management may develop and accomplish lawful, just and practical working relationships. In the context of this case, upon the record, the briefs and oral arguments, we find and conclude that Jeffco engaged in no unfair labor practices. J. J. Newberry Co. v. National Labor Relations Board, 442 F.2d 897 (2d Cir. 1971). Appellant's petition for denial of enforcement is granted and appellee's cross-application for enforcement is denied.

Enforcement denied.